18912. ARNOLD *v.* ARNOLD.

STEPHENS, J. 1. Where an objection to proffered testimony is sustained, but where the court announces that the objection will be overruled and the testimony admitted if the party offering it will introduce certain testimony as a foundation for the admission of the testimony offered, the introduction of the testimony indicated as the foundation for the proffered testimony amounts to a compliance by the party offering it with the ruling, and he will not be heard afterwards to except to the ruling. The court having admitted the testimony objected to, there is no basis for an exception to its exclusion; and counsel having voluntarily introduced the testimony offered as a foundation for the proffered testimony, there is, as respects the admission of this testimony, no ruling to which exception can be taken.

2. Where the issue was as to whether an alleged marriage of one of the parties to the case was invalid by reason of a pre-existing marriage between that party and another person, the party seeking to prove the existence of the former marriage by offering parol testimony that a license for the former marriage was in existence will not afterwards be heard to object to the court's requiring him to introduce, as a foundation for the admission of the offered testimony, evidence that the records in the court of ordinary showed that no license for the former marriage was issued, when the party offering the parol testimony complied with the ruling and introduced the required evidence as a foundation for the testimony offered.

3. This being a trial on appeal in the superior court in the case of a caveat filed to an allowance of a year's support to a person claiming to be the widow of an intestate, and the evidence adduced presenting an issue of fact as to whether the applicant's alleged marriage to the intestate was invalid by reason of a pre-existing marriage undissolved,

the verdict found for the applicant against the caveat was authorized.

4. The charge of the court is not subject to exception urged by the caveator, that the court submitted to the jury a legal proposition not adjusted to the evidence. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED DECEMBER 13, 1928.

*Post & Arnold,* for plaintiff in error.
*S. H. Dyer, A. Sidney Camp,* contra.